IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHINA NATIONAL BUILDING MATERIALS IMPORT AND EXPORT CORPORATION, a People's Republic of China corporation; and CNBM FOREST PRODUCTS (CANADA) LTD., a Canadian corporation, | No. 03:14-cv-00746-ST |
| Plaintiffs, | |
| v. | OPINION & ORDER |
| MURPHY OVERSEAS USA ASTORIA FOREST PRODUCTS, LLC, an Oregon limited liability company; MURPHY OVERSEAS U.S.A. TIMBER AND LAND DEVELOPMENT, LLC, an Oregon limited liability company; MURPHY OVERSEAS U.S.A. HOLDINGS, LLC, | |
| Defendants. | |

/ / /

/ / /

/ / /

1 - OPINION & ORDER

Thomas C. Sand
Elisa J. Dozono
Brian W. Esler
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204

       Attorneys for Plaintiffs

Michael J. Esler
John W. Stephens
Kim T. Buckley
ESLER, STEPHENS & BUCKLEY, LLP
121 S.W. Morrison Street, Suite 700
Portland, Oregon 97204

       Attorneys for Defendants

HERNANDEZ, District Judge:

       Plaintiffs China National Building Materials Import and Export Corporation and CNMB Forest Products (Canada) Ltd. (collectively "China National") bring this action against Defendants Murphy Overseas USA Astoria Forest Products, LLC, and two other Murphy business entities (collectively "Murphy"), alleging that Murphy intentionally interfered with China National's business relationship with Westerlund Handling, LLC ("Westerlund"). China National also brings a claim for "Failure to Pay Upon Notice" against Defendant Murphy Overseas USA Astoria Forest Products, LLC ("Murphy/AFP"), alleging a violation of an unspecified provision of the Uniform Commercial Code and of a Security Agreement China National had with Westerlund. Finally, China National brings a claim for declaratory relief against Murphy/AFP in which China National seeks a declaration that Murphy/AFP has no valid security interest in any Westerlund assets and that China National's security interest is superior to

any interest that Murphy/AFP may have.

On July 11, 2014, China National moved for a temporary restraining order seeking to prohibit Murphy from moving, handling, removing, transferring, or disposing of any logs owned by China National which are located on Pier 3 at the Port of Astoria, Oregon. Because, based on the record before me at that point, I concluded that China National showed a likelihood of success on the merits and irreparable harm, I granted the motion and set a further hearing for July 18, 2014. Murphy filed a response to China National's motion. China National filed a reply on July 18, 2014 which I have now considered.

Having a more fully developed record before me, and with the benefit of counsel's oral argument at the hearing on July 18, 2014, I now dissolve the Temporary Restraining Order entered on July 11, 2014 and deny China National's motion for injunctive relief.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is likely, not just possible[.]" Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases. Id. (noting also that the relevant test in the Ninth Circuit is described as the "serious questions" test where the likelihood of success is such that "serious questions going to the merits were raised and the

balance of hardships tips sharply in plaintiff's favor") (internal quotation marks and brackets omitted).

The party requesting a preliminary injunction must carry its burden of persuasion by a "'clear showing'" of the four required elements set forth above. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (internal quotation marks omitted); Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (a "'preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion'") (quoting Mazurek, 520 U.S. at 972).

I.  Likelihood of Success on the Merits

The injunctive relief motion concerns logs owned by China National which are presently located on Pier 3 at the Port of Astoria.  The logs are there as a result of a business relationship between China National and Westerlund.  Westerlund, however, has suffered serious financial difficulties, causing it, in China National's view, to breach its contract with China National.  Am. Compl. at ¶ 19.  A byproduct of the breakdown of the relationship between China National and Westerlund, which China National alleges was caused by Murphy's tortious conduct, is that the logs, which were stored at Pier 3 by Westerlund waiting shipment to China in January 2014, are still sitting on Pier 3.  Although Westerlund was the lessee of Pier 3 at the time, Murphy began to control the property in early April 2014.[1]

Another byproduct of the Westerlund-China National discord is pending litigation in

---

[1] Murphy was originally a co-tenant with Westerlund.  The parties dispute whether Murphy's current tenancy is as a successor-in-interest to Westerlund or whether Murphy is the Port's tenant under a direct lease.  Either way, there is no dispute that Murphy is the current lessee with control over the logs.

Clatsop County, Oregon. In January 2014, Westerlund filed suit against China National. China National initially removed the case to this Court, but Judge Brown remanded the case to Clatsop County after determining that there was incomplete diversity, meaning there was a lack of subject matter jurisdiction.[2] Murphy is a party in the Clatsop County litigation having been named by Westerlund as a Third Party Defendant. At this point, the Clatsop County litigation appears to include claims between Westerlund and China National, between Westerlund and Murphy, and between Murphy and China National. Presently pending before the Clatsop County Court and set for hearing on August 12, 2014, are competing motions by China National and Murphy concerning the logs.[3]

The logs are in the way of Murphy's plan to begin constructing a log debarking facility at Pier 3. Murphy wants the logs moved. China National wants them moved too, but only to a ship which will transport them to China. China National resists Murphy's conduct of moving the logs somewhere else until a ship arrives or until the litigation is resolved.

The problem for China National is that the logs are not a component of the claims it brings in <u>this</u> case. As I explained at the July 18, 2014 hearing, if China National prevails on its claims here, its requested relief is compensatory damages from Murphy for its alleged tortious

---

[2] While the case was pending before Judge Brown, she granted a Stipulated Motion for Entry of Agreed Order in which Westerlund agreed to maintain the logs in their current location and to not sell, offer to sell, encumber, move, destroy, damage, or dispose of the logs. <u>Westerlund v. China Nat'l</u>, No. 03:14-cv-00176-BR (ECF Nos. 16, 18). China National contends that Judge Brown's order is an injunction and remained valid despite this Court lacking subject matter jurisdiction over the action in which it issued. Even if I agreed with China National on these points, Murphy was not a party to that agreement or a party in that case.

[3] Murphy/AFP moves for an order requiring removal of the logs off of Pier 3 while China National moves for an order requiring delivery of the logs onto a ship scheduled by China National. M. Esler July 15, 2014 Decl., Ex. 1, 2.

5 - OPINION & ORDER

interference with the relationship between China National and Westerlund, and a declaration that Murphy/AFP has no security interest in Westerlund's assets. The logs do not have a relationship to these claims. It is readily apparent, however, that they have a direct relationship to at least some of the claims pending in Clatsop County given that Murphy asserts nuisance and trespass claims against China National in that litigation. See Defs.' Resp. Mem. at 4 (stating that "Murphy has claims for [China National's] continuing trespass and continuing nuisance"); M. Esler July 15, 2014 Decl., Ex. 1 (noting that in its state court claims against China National, Murphy/AFP seeks a judgment of ejectment). To demonstrate the likelihood of success on the merits, the requested injunctive relief must relate to the claims at issue in the litigation in which the injunctive relief is requested. Thus, while China National may have a strong likelihood of success on the merits of its claims against Murphy here, because those claims do not involve the logs, China National fails to persuade me that its requested injunctive relief is appropriate.[4]

II.  Irreparable Injury

Ordinarily, monetary harm does not constitute irreparable harm. E.g., Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury, however, will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."); L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) ("monetary injury is not normally considered irreparable").

Assuming, as China National represents, that the logs will be damaged to some extent if moved by Murphy, China National fails to establish that any harm to it is irreparable. Rather, the

---

[4] This is underscored by China National's counsel's representation at the July 18, 2014 oral argument that but for the Clatsop County Court's closure on July 11, 2014, China National would likely have filed its temporary restraining order motion in the state litigation.

6 - OPINION & ORDER

harm would be economic due to the diminished value of the logs.  There is no evidence in the record that the logs are unique in any way and that the harm cannot be assuaged by monetary damages.

III.  Other Factors

As for balancing the equities, I find this factor to be neutral.  I looked at how issuing the injunction and not issuing the injunction would affect both parties.  If the injunction issues, Murphy may be inconvenienced by having to wait to install its debarker.  Exhibits show that rescheduling its installation will cause a delay to this project.  If the injunction does not issue, half of the logs will be moved to a third site and China National may be inconvenienced by additional costs caused by moving those logs to the third site and returning them to the Port.  Accordingly, the equities do not favor one side or the other.

Whether the requested injunction is in the public interest is also neutral.  The relief requested applies only to the parties, not to nonparties or the public[5], and its reach is fairly narrow given that it is limited to the logs currently located on Pier 3.  See Stromans, Inc. v. Selecky, 586 F.3d 1109, 1139 (9th Cir. 2009) ("public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction" when it affects only the parties and its reach is narrow).

---

[5]  I reject Murphy's contention that granting the injunction will adversely impact the citizens of Astoria.  Defs.' Resp. Mem. at 14-15.  The only statement supporting this assertion is from David Daggett who states that if the logs are not removed from Pier 3 immediately, "Murphy will suffer irreparable harm because it may be forced to shut down its Astoria operations."  Daggett Decl. at ¶ 9.  The suggestion of harm is speculative.  It does not extend beyond Murphy's operations.  Additionally, the fact that the Murphy family has been successful in the logging business for more than 100 years and apparently only recently acquired the rights to use Pier 3 undermines the assertion that a delay in accessing Pier 3 will force it to shut down.

CONCLUSION

The Temporary Restraining Order [31] filed July 11, 2014 is dissolved and China National's motion for injunctive relief [28] is denied.

IT IS SO ORDERED.

Dated this   21   day of   July  , 2014

_____
Marco A. Hernandez
United States District Judge

8 - OPINION & ORDER